**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**CHRISTINE L. HOLLY,**

Plaintiff,

v.

**CITY OF WOODBURY and JEFF GORT,**

Defendants.

Civil No. 02-238 (JEL/JGL)

**ORDER**

---

APPEARANCES

Mark J. Kallenbach, Esq., for Plaintiff

Pierre N. Regnier, Esq., for Defendants

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on August 15, 2002 on Plaintiff Christine Holly's Motion to Amend the Complaint to Add a Claim for Punitive Damages (Doc. No. 9). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

## I. INTRODUCTION

Plaintiff Christine L. Holly ("Holly") seeks leave of this Court to amend her Complaint to plead punitive damages against Defendant Jeff Gort ("Gort"). Holly's current Complaint alleges the following facts. Gort is a police

FILED AUG 16 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

officer employed by the City of Woodbury ("Woodbury"). On or about December 28, 1999, Gort conducted a traffic stop of Holly's vehicle because the rear license plate was obstructed by snow. He asked Holly for her driver's license, which she did not have in her possession, but Gort later confirmed that Holly had a valid driver's license. Nevertheless, Gort conducted a search of Holly's vehicle and detained Holly in the locked backseat of his squad car. Gort asked Holly if she had any illegal drugs on her person, and Holly confessed to having illegal drugs in her brassiere. Gort told Holly that if she did not produce the drugs, she would be strip-searched at the Washington County Adult Detention Center. He then "intimidated Holly into permitting him to reach into her shirt, shine his flashlight into her bra, and then feel 'around' her breast in search of illegal drugs." (Compl. ¶ 5.) In the subsequent criminal proceedings, the Minnesota Court of Appeals found that Gort's detention of Holly continued beyond the necessary scope of an ordinary traffic stop in violation of her constitutional rights and that the search and seizure of her vehicle and person was illegal. Holly alleges the following causes of action: violation of her civil rights under 42 U.S.C. § 1983, false imprisonment, false arrest, assault, battery, invasion of privacy, intentional infliction of emotional distress, and respondeat superior.

## II. DISCUSSION

### A. Relevant Facts

In examining the facts in support of a motion to amend a complaint to plead punitive damages, the Court must not make credibility rulings and must not consider evidence submitted in opposition to a plaintiff's proof. See Northwest Airlines, Inc. v. Am. Airlines, Inc., 870 F. Supp. 1499, 1502-03 (D. Minn. 1994) (citation omitted); Swanlund v. Shimano Indus. Corp., 459 N.W.2d 151, 154 (Minn. Ct. App. 1990). Thus, although Gort cited extensively to Holly's deposition testimony, the Court is not permitted to consider this evidence in deciding the motion. In support of Holly's motion, she provided testimony given by Gort at a hearing on February 2, 2000. (Pl. Mem. at 1, n.2; Kallenbach Aff. Ex. A.) Holly also provided the Court with the opinion of the Minnesota Court of Appeals. The following facts are contained in the excerpts of Gort's testimony and the opinion of the state appellate court.

When Gort noticed that Holly's license plate was partially obstructed by snow, he pulled over the vehicle. Gort exited his vehicle, approached Holly's car, and asked Holly for her driver's license. Holly did not have her license, and Gort asked her to come back to his squad car so they could "sort this out." Holly did not appear to be under the influence of drugs or alcohol. The weather at the time was very cold with winds at about twenty-five miles per hour and a windchill factor below zero. Gort wanted Holly to sit in his squad car while he checked to see if she had a valid driver's license, to

simplify any subsequent arrest, and because of the inclement weather. Holly gave Gort her full name and date of birth, which Gort entered into the computer. The result showed that Holly had a valid license. Nevertheless, Gort asked Holly if he could search her vehicle, and he also asked Holly if she had any controlled substances in her car or on her person, to which she replied, "I don't know." Gort told Holly she did not have to consent to a search, but when he again asked if he could search her car, she agreed. Holly denied giving consent to search.

Holly remained in the squad car while Gort searched her vehicle. Gort searched Holly's purse and found three rocks he believed to be methamphetamine. Gort asked Holly to exit the squad car, and he placed her under arrest, handcuffed her, and advised her of her Miranda rights. Holly admitted the rocks were methamphetamine. Gort arranged for Holly to be transported to a detention center. While they waited in Gort's squad car, Gort asked Holly if she had any other drugs in her vehicle or on her person. Holly said she had methamphetamine in her brassiere. Gort told her the drugs would be removed at the jail. Gort acknowledges that he told Holly she would be strip-searched at the Washington County jail. Holly asked Gort to retrieve the drugs from her brassiere. Gort said that although he was a paramedic, he was not comfortable searching her brassiere. Nevertheless, Gort reached into her shirt and retrieved the drugs from Holly's brassiere. Gort did not know

why he did not release the handcuffs and permit Holly to remove the drugs herself, other than that he has never considered uncuffing someone once they were in handcuffs.

The Minnesota Court of Appeals found that the initial stop by Gort was legal but that the continued detention of Holly exceeded the necessary scope of the traffic stop and became an illegal arrest. Holly should have been released once Gort verified that she had a valid driver's license. The evidence seized after the investigatory stop was concluded should have been suppressed as the fruit of an illegal seizure.

**B. The Standard for Pleading Punitive Damages**

In the District of Minnesota, a party must follow the requirements of Minn. Stat. §§ 549.191 and 549.20 to plead punitive damages for claims brought pursuant to Minnesota state law. See Porous Media Corp. v. Pall Corp., 173 F.3d 1109, 1118 (8th Cir. 1999); Bunker v. Meshbesher, 147 F.3d 691, 695-96 (8th Cir. 1998); Ulrich v. City of Crosby, 848 F. Supp. 861, 866 (D. Minn. 1994) (citations omitted). A plaintiff seeking to assert a punitive damages claim may not include it in the initial complaint but must move for leave to amend the complaint based on a prima facie showing of entitlement. See Ulrich, 848 F. Supp. at 867; Minn. Stat. § 549.191. At this point in the litigation, "[t]he plaintiff is not required to demonstrate an entitlement to

punitive damages per se, but only an entitlement to allege such damages." Ulrich, 848 F. Supp. at 867 (citation omitted).

Prima facie evidence is evidence which, if unrebutted, would sustain a judgment in the moving party's favor. See Swanlund v. Shimano Indus. Corp., Ltd., 459 N.W.2d 151, 154 (Minn. Ct. App. 1990) (citing Black's Law Dictionary 1071 (5th ed. 1979)). The term "prima facie" does not describe a quantum of evidence, but the term sets a standard for designating meritorious claims. See id. The quantum of evidence needed to plead punitive damages is prescribed by Minn. Stat. § 549.20, subd. 1(a), which requires "clear and convincing evidence that the acts of the defendant show deliberate disregard for the rights or safety of others." To be clear and convincing, the proof must be more than a preponderance but less than beyond a reasonable doubt. See Weber v. Anderson, 269 N.W.2d 892, 895 (Minn. 1978). The clear and convincing standard is appropriately employed to determine whether a plaintiff has submitted sufficient evidence in support of a motion to amend a complaint to plead for punitive damages. See Gamma-10 Plastics, Inc. v. Am. President Lines, Ltd., 32 F.3d 1244, 1255 (8th Cir. 1994); Utecht v. Shopko Dep't Store, 324 N.W.2d 652, 654 (Minn. 1982); Swanlund, 459 N.W.2d at 154.

Deliberate disregard is statutorily defined as follows:

> (b) A defendant has acted with deliberate disregard for the rights or safety of others if the defendant has knowledge of facts or intentionally

> disregarded facts that create a high probability of injury to the rights or safety of others and:
>
> (ii) deliberately proceeds to act in conscious or intentional disregard of the high degree of probability of injuries to the rights or safety of others; or
>
> (iii) deliberately proceeds to act with indifference to the high degree of probability of injuries to the rights or safety of others.

Minn. Stat. § 549.20, subd. 1(b).

### C. **Whether Holly Has Presented Clear and Convincing Evidence that Gort Acted with Deliberate Disregard for Her Rights**

The Court finds that Holly has come forth with sufficient evidence that Gort acted with deliberate disregard for her rights. When Gort learned that Holly's driver's license was valid, he should not have detained her in his car, asked for her consent to search her vehicle, or searched her vehicle. Although Holly did not provide direct evidence that Gort knew these actions were illegal, such as an admission by Gort, the Minnesota Court of Appeals found that the actions were illegal by applying established constitutional law. There was nothing so unusual or complicated about the traffic stop so as to justify Gort's exceeding the scope of the traffic stop. Thus, it is reasonable to infer that Gort knew of facts or intentionally disregarded facts creating a high probability of injury to Holly's rights. Likewise, Gort proceeded to act with disregard for or with indifference to the likelihood of injury to Holly's rights. It

is undisputed that Gort's actions forming the basis of this lawsuit were not legal, but more importantly, Holly's evidence clearly and convincingly shows that the actions evidenced a deliberate disregard for her rights. As for Gort's removal of the drugs from Holly's brassiere, this action too was illegal as the evidence seized was a "fruit of the poisonous tree." Moreover, Gort admitted that he was uncomfortable removing the drugs. Thus, Holly's evidence clearly and convincingly shows that Gort deliberately disregarded her right to not be battered or assaulted by a law enforcement officer.

At the motion hearing, Gort emphasized that Holly had not come forth with clear and convincing evidence of physical harm or emotional distress. However, in the context of a motion to amend for punitive damages, Holly is not required to provide evidence of her damages. The clear and convincing evidentiary requirement applies to a defendant's deliberate disregard of a plaintiff's rights, not to the elements of a plaintiff's case. Thus, the Court finds this argument unavailing. Gort's reliance on Warner v. Jordan, No. CX-97-1780, 1998 WL 157363 (Minn. Ct. App. Apr. 7, 1998), is misplaced for the same reason.

In conclusion, Holly is entitled to plead punitive damages for her state law claims of false imprisonment, false arrest, assault, battery, invasion of privacy, and intentional infliction of emotional distress. A plaintiff's request to add a separate, independent count for punitive damages to the complaint is

interpreted as a request to plead punitive damages for each relevant cause of action. See, e.g., Olson, 29 F. Supp. 2d at 1036-39 (dicta); Rosenbloom v. Flygare, 501 N.W.2d 597, 600-01 (Minn. 1993) (dicta). The Court reiterates that Holly has not shown she is entitled to punitive damages, but that she is entitled to allege such damages. Holly's motion to amend her Complaint is granted, and she is directed to file and serve an amended complaint by August 26, 2002.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff Christine Holly's Motion to Amend the Complaint to Add a Claim for Punitive Damages (Doc. No. 9) is **GRANTED**. Holly is directed to file and serve an amended complaint by August 26, 2002.

Dated: August 16, 2002

JONATHAN LEBEDOFF
Chief United States Magistrate Judge